Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 1996 | **DATE** | 12/13/2001 |
| **CASE TITLE** | U.S.A. ex rel Clemons vs. William Barham | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, the Court finds that claims one, two, three, and seven are not procedurally defaulted. On the other hand, claims four, five, and six are procedurally defaulted and therefore denied. Respondent has requested leave to address the merits of petitioner's claims if this Court rejected his procedural default defense. Therefore, respondent is to file an answer to Clemons' remaining claims by 2/12/2002. Clemons is to file a reply by 4/16/2002. This case is set for ruling on 5/28/2002 @ 9:00 A.M.

[O-1]

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 18 20 | |
| | Notified counsel by telephone. | | date docketed | 18 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TSA | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex. rel. SAMUEL CLEMONS, | )<br>)<br>) |
| Petitioner, | )<br>) No. 00 C 1996 |
| v. | )<br>) Wayne R. Andersen |
| WILLIAM BARHAM, Warden, | ) District Judge<br>) |
| Respondent. | ) |

DOCKETED
DEC 1 8 2001

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the petition of Samuel Clemons for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, the Court denies three of the petitioner's claims and orders the respondent to address the merits of the petitioner's remaining claims by February 12, 2002.

## BACKGROUND

On June 24, 1997, in a bench trial held in the Circuit Court of Cook County, Illinois, the court found petitioner Samuel Clemons guilty of robbery and sentenced him to fifteen years in the Illinois Department of Corrections. The trial testimony was summarized by the Illinois Appellate Court in People v. Samuel Clemons, No. 1-97-3577 (Ill. App. Ct. June 10, 1999). The victim, a laundromat employee, testified that she heard a knock on the door on February 12, 1996, at around 10:00 p.m., after the close of business. The employee recognized Clemons and allowed him to enter the store after he told her that he had a calculator he wanted to return to her employer. She testified that, upon entering the laundromat, Clemons urinated on the floor, choked her when she turned her back on him, and then removed $140 from her pants pocket. She also testified that he attempted to pull down her pants but he was unable to do so. After calling the authorities, she informed an investigating officer of where Clemons lived and the next day officers arrested Clemons outside his residence.

At trial, Clemons testified that he went to the laundromat to use the pay phone. While there, he found a wallet on the floor and, as a joke, asked the employee to identify the contents. He testified that she told him the wallet contained $140. He counted $325 and informed her that he would take $25 as a reward for finding it. The two struggled over the wallet and, immediately thereafter, Clemons left the laundromat. He stated that he kept the money in the wallet because it contained no identification.

Clemons appealed his conviction and sentence to the Illinois Appellate Court, raising the following seven issues: 1) he was denied effective assistance of counsel when his lawyer failed to file a motion for a "change of venue" or a motion for a jury trial; 2) he was denied effective assistance of counsel when his lawyer failed to make proper objections to the State's Attorney's questions which suggested that he attempted to rape the victim when in fact no rape occurred or was charged; 3) he was denied effective assistance of counsel when his lawyer failed to file proper "motions" when the State was allowed to amend its answer to discovery and call a witness who was not originally disclosed in the answer; 4) he was denied effective assistance of counsel when his lawyer failed to impeach the State's witnesses; 5) he was not proven guilty beyond a reasonable doubt; 6) the verdict was based on impeached and inconsistent testimony; and 7) he was improperly sentenced as a Class X felon. On June 10, 1999, the Illinois Appellate Court affirmed his conviction and sentence.

Clemons subsequently filed a petition for leave to appeal to the Illinois Supreme Court in which he raised the following four issues: 1) he was denied effective assistance of counsel when his lawyer failed to file a motion for a "substitution of judge" or a motion for a jury trial; 2) he was denied effective assistance of counsel when his lawyer failed to make proper objections to the State's questions regarding the uncharged rape; 3) he was denied effective assistance of counsel when his lawyer failed to impeach the State's witnesses; and 4) he was not proven guilty beyond a reasonable doubt. On February 24, 2000, the Illinois Supreme Court denied leave to appeal. Clemons did not file a petition for post-conviction relief in the state court.

Clemons' petition for writ of habeas corpus was filed on April 11, 2000. In his petition Clemons raises the following ten issues: 1) he was denied effective assistance of counsel when his lawyer failed to move for a change of venue (petitioner's claim ia); 2) he was denied effective assistance of counsel when his lawyer failed to demand a trial by jury (claim ib); 3) he was denied effective assistance of counsel when his lawyer failed to make timely objections (claim ic); 4) he was denied effective assistance of counsel when his lawyer failed to demand a mistrial when the State was allowed to amend discovery during the trial (claim id); 5) he was denied effective assistance of counsel when his lawyer failed to object to prejudicial comments about the petitioner (claim ie); 6) he was denied effective assistance of counsel when his lawyer failed to impeach a witness on account of prior inconsistent statements (claim if); 7) he was denied effective assistance of counsel when his lawyer failed to offer binding authority which would establish that the State's amendment of discovery was prejudicial to him (claim ig); 8) he was denied effective assistance of counsel when his lawyer failed to object when his character was discredited (claim ih); 9) he was not proven guilty beyond a reasonable doubt (claim ii); and 10) the verdict was based on impeached and inconsistent testimony (claim iii).

## DISCUSSION

A federal court may issue a writ of habeas corpus if a petitioner demonstrates that he is "in [state] custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.§ 2254(a); Moffat v. Gilmore, 113 F.3d 698, 702 (7th Cir. 1997); see also Del Vecchio v. Illinois Dept. of Corrections, 31 F.3d 1363, 1370 (7th Cir. 1994) (en banc) ("[F]ederal courts can grant habeas relief only when there is a violation of federal statutory or constitutional law.") (citation and internal quotations omitted), cert. denied, 514 U.S. 1037 (1995). The federal courts may not grant habeas relief under Section 2254 unless the state court's judgment "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding." 28 U.S.C. § 2254(d).

Before a federal court may review the merits of a habeas petition, a petitioner must: "(1) exhaust all remedies available in state courts; and (2) fairly present any federal claims in state court first, or risk procedural default." Bocian v. Godinez, 101 F.3d 465, 468 (7th Cir. 1996) (citations omitted). "The habeas petitioner must present his federal constitutional claims initially to the state courts in order to give the state the 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" McGowan v. Miller, 109 F.3d 1168, 1172 (7th Cir. 1997) (quoting Duncan v. Henry, 513 U.S. 364, 365 (1995) (citation omitted)).

I.      **Exhaustion**

A petitioner has not exhausted his available state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). However, a state prisoner is not required "to invoke *any possible* avenue of state court review." O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999). Instead, a petitioner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845.

Clemons appealed his conviction to the Illinois Appellate Court and Illinois Supreme Court but he chose not to file a petition for post-conviction relief in state court. Under Illinois law, it is futile to raise issues in a post-conviction proceeding that were raised, or could have been raised, in a direct appeal. "Issues that were decided on direct appeal are barred by the doctrine of res judicata, and issues that could have been raised on direct appeal, but were not, are deemed waived." People v. Johnson, 191 Ill.2d 257, 268, 730 N.E.2d 1107, 1114 (2001). Because Clemons raises no issues in his petition for writ of habeas corpus that he did not or could not raise in his direct appeal, he has exhausted his state remedies. See Cawley v. DeTella, 71 F.3d 691, 694 (7th Cir. 1995); see also Britz v. Thieret, 940 F.2d 226, 229 (7th Cir. 1991). Therefore, we now turn to the issue of procedural default.

## II. Procedural Default

The procedural default hurdle prohibits a federal court from addressing claims that were not fairly presented to the state courts. Procedural default occurs either when a state court has declined to address a federal claim because the petitioner failed to satisfy an independent and adequate state procedural requirement, Coleman v. Thompson, 501 U.S. 722, 729-30 (1991), or when the petitioner failed to present a claim to the state courts at the time and in the way required by the state. Hogan v. McBride, 74 F.3d 144, 146 (7th Cir. 1996). In Illinois, a habeas petitioner is required to raise all arguments before the Illinois Supreme Court, even though the Court has discretionary control over its docket. See O'Sullivan, 526 U.S. at 845.

A habeas petitioner must alert the state court to any applicable federal grounds for his claim. See Bocian, 101 F.3d at 469. A petitioner has not fairly presented an issue to a state court if his argument did not "(1) rely on pertinent federal cases employing constitutional analysis; (2) rely on state cases applying constitutional analysis to a similar factual situation; (3) assert the claim in terms so particular as to call to mind a specific constitutional right; or (4) allege a pattern of facts that is well within the mainstream of constitutional litigation." Verdin v. O'Leary, 972 F.2d 1467, 1473-74 (7th Cir. 1992). A petitioner "must present 'both the operative facts and the legal principles that control each claim to the state judiciary.'" Ellsworth v. Levenhagen, 248 F.3d 634, 639 (7th Cir. 2001) (quoting Wilson v. Briley, 243 F.3d 325, 327 (7th Cir. 2001)). A "passing reference to a constitutional issue certainly does not suffice." Chambers v. McCaughtry, 264 F.3d 732, 738 (7th Cir. 2001).

Although Clemons identifies ten claims and Barham responds to these ten claims, in our view, Clemons actually raises only seven distinct claims: 1) he was denied effective assistance of counsel when his lawyer failed to move for a substitution of judge (petitioner's claim ia); 2) he was denied effective assistance of counsel when his lawyer failed to demand a trial by jury (claim ib); 3) he was denied effective assistance of counsel when his lawyer failed to object to prejudicial questions and comments that discredited the petitioner's character (combined claims

5

ic, ie, and ih); 4) he was denied effective assistance of counsel when his lawyer failed to object and demand a mistrial when the State was allowed to amend discovery during the trial (combined claims id and ig); 5) he was denied effective assistance of counsel when his lawyer failed to impeach a witness when the testimony conflicted with previous statements (claim if); 6) he was not proven guilty beyond a reasonable doubt (claim ii); and 7) the verdict was based on impeached and inconsistent testimony (claim iii).

Barham argues that all of Clemons' claims were procedurally defaulted with the exception of Clemons' claim that he was not proven guilty beyond a reasonable doubt. We disagree. Clemons' first claim is that he received ineffective assistance of counsel when his attorney failed to move for a change of venue. In his direct appeal to the Illinois Appellate Court, he appealed his lawyer's decision not to seek a change of venue. In his petition for leave to appeal to the Illinois Supreme Court, Clemons claimed that his lawyer was ineffective because his attorney did not request a substitution of judge. Barham argues that Clemons did not raise the change of venue claim in his petition for leave to appeal and therefore this claim is defaulted. Respondent is being too literal. Although Clemons used different terminology, he raised the same issue in both appeals. Clemons is correct when he argues that pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Even though Clemons used the term "change of venue" in his brief, the Illinois Appellate Court understood Clemons' argument that his lawyer was ineffective for failing to request a substitution of judge when it stated that "[d]efendant has not demonstrated that he was prejudiced by counsel's failure to file a motion for *substitution of judges*." Clemons, No. 1-97-3577, at *8 (emphasis added). Regardless of nomenclature, Clemons' briefs to the Illinois courts did alert these courts to the federal grounds in his petition.

Clemons' second claim was also sufficiently raised before the state courts. Barham argues that it was not raised in Clemons' direct appeal. In his appellate brief, Clemons did not state this claim when he outlined the issues for review and did not raise it as a free standing

6

argument. Instead, he only mentioned it when he discussed the change of venue claim. However, he cited and discussed an Illinois case which focused on the failure to demand a change of venue or jury trial. (See Petitioner's Br. and Arg. on Direct Appeal at 4.) In his brief, Clemons also stated, "the relevant factors at this point would be for defense counsel to move for change of venue *or demand a trial by jury*." (Id. at 5) (emphasis added). Although Clemons did not develop this argument in great detail, he did present facts in his brief concerning the change of venue claim which were directly relevant to the jury trial claim. Accordingly, the Court concludes that Clemons presented the claim to both courts and cited relevant Illinois case law. Furthermore, we believe his claim that the trial judge was biased against him alleged a pattern of facts within the mainstream of constitutional litigation. See Verdin, 972 F.2d at 1473-1474. Thus, this claim is not defaulted.

Clemons' third claim (i.e., that he received ineffective assistance of counsel when his attorney failed to object to prejudicial questions and comments) is not defaulted for the same reasons his substitution of judge claim is not defaulted. Clemons raised this claim in both his direct appeal and his petition for leave to appeal to the Illinois Supreme Court, albeit with different terminology in the headings. Despite the semantic differences between the headings in the various briefs, the underlying substance of each claim is the same. Specifically, Clemons alleged that he received ineffective assistance of counsel when his attorney did not object to the State's Attorney's questions regarding the alleged attempted rape of the victim, even though he was never charged with that crime. Although a cursory review of Clemons' argument headings might lead a reader to conclude that he raised different claims in his state court appeals, the Court thankfully does not determine procedural default based solely on the wording of topic headings. Rather, a reasoned analysis of Clemons' arguments in his different appeals leads to the conclusion that he has sufficiently presented the issue of ineffective assistance of counsel for failure to object to prejudicial questions to both the Illinois Appellate Court and the Illinois Supreme Court.

7

Clemons admits that he has defaulted on his claim that he received ineffective assistance of counsel when his attorney did not object to the discovery amendment. He stated that he forgot to raise this claim in his petition for leave to appeal. (Mot. to Supp. at 9.) Clemons' fifth and sixth claims (i.e., that he received ineffective assistance of counsel when his attorney failed to impeach a witness whose testimony conflicted with previous statements and that he was not proven guilty beyond a reasonable doubt) are also defaulted. It is uncontested that he presented these claims to the Illinois Appellate Court. Clemons argues that he also raised these claims in his petition for leave to appeal. However, his presentation of these claims can be distinguished from his successful presentment of his jury trial claim. While it is true that his petition to the Illinois Supreme Court mentioned these claims, (see Petition for Late Leave to Appeal at 12, 14-15), he did not cite any case law or outline any fact pattern supporting his contentions. Simply stating the claims without supporting facts is insufficient to avoid procedural default. See Chambers, 264 F.3d at 738.

Clemons' fourth, fifth and sixth claims are therefore procedurally defaulted. Nonetheless, a federal court may address the merits of a procedurally defaulted claim if the petitioner can establish cause and prejudice that would excuse the default or, alternatively, establish that he fits within the miscarriage of justice exception to the cause and prejudice rule. See Coleman, 501 U.S. at 750; Schlup v. Delo, 513 U.S. 298, 314-315 (1995). The Supreme Court has interpreted "cause" under this test to be something external to the petitioner which is both beyond his control and which cannot be fairly attributable to him. See Murray v. Carrier, 477 U.S. 478, 488 (1986). To establish prejudice, Clemons "must show not merely that the errors at ... trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Id. at 494 (citations omitted). Clemons has not argued that the constitutional error he alleged has prejudiced him. Similarly, his attempt to show cause must fail. He states that he simply forgot to raise his fourth claim in his petition for leave to appeal to the Illinois Supreme Court (Mot. to Supp. at 9), and that this Court should

8

show leniency in reviewing his submission because he is litigating his claims pro se. We conclude that these explanations cannot establish cause for his default. This is so because Clemons was able to adequately raise all of his claims in his direct appeal. Further, he was able to raise and preserve four claims in his petition for leave to appeal to the Illinois Supreme Court. Therefore, we find that Clemons has not offered any external considerations that explain why he was able to raise some claims sufficiently, but not others.

Although Clemons failed to show cause or prejudice for his default, he may still overcome this forfeiture by showing that he fits within the "miscarriage of justice" exception. This exception is limited to those extraordinary cases in which the petitioner is actually innocent of the crime for which he is imprisoned. See Steward v. Gilmore, 80 F.3d 1205, 1212 (7th Cir. 1996). Although Clemons makes general assertions of his innocence, he fails to support these claims with any concrete evidence that demonstrates he is actually innocent of the robbery. In fact, in his trial testimony, he admits taking the wallet, although he asserts that he found it and did not take it from the victim.

### III. Compliance with Section 2254 Requirements

Barham argues that Clemons' claims do not comply with the pleading requirements of section 2254 of Title 28 of the United States Code governing habeas corpus actions. However, pro se parties are entitled to a liberal construction of their submissions. See Haines, 404 U.S. at 520. Although Clemons' petition may not use the proper terminology, the Court finds that the petition sufficiently alleges the grounds for relief. Therefore, this Court rejects Barham's second defense.

## CONCLUSION

For the foregoing reasons, the Court finds that Claims One, Two, Three, and Seven are not procedurally defaulted. On the other hand, Claims Four, Five, and Six are procedurally defaulted and therefore denied. Respondent has requested leave to address the merits of petitioner's claims if this Court rejected his procedural default defense. Therefore, respondent is to file an answer to Clemons' remaining claims by February 12, 2002. Clemons is to file a reply by April 16, 2002. This case is set for ruling on May 28, 2002.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: December 13, 2001