Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1996 | **DATE** | 1/17/2003 |
| **CASE TITLE** | U.S.A. ex rel Samuel Clemons vs. William R. Barham | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: We deny [0-1] the petition for a writ of habeas corpus brought by Samuel Clemons pursuant to 28 U.S.C. Section 2254. This is a final and appealable order. This case is terminated.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | number of notices | |
| | No notices required. | | |
| | Notices mailed by judge's staff. | JAN 23 2003 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | docketing deputy initials | 26 |
| ✓ | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| TSA | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA ex rel. SAMUEL CLEMONS, | ) ) ) | | |
| Petitioner, | ) ) | No. 00 C 1996 | |
| v. | ) ) | Wayne R. Andersen | |
| WILLIAM R. BARHAM, Warden, | ) ) | District Judge | |
| Respondent. | ) ) | | |

DOCKETED
JAN 23 2003

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the petition of Samuel Clemons for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, we deny the petition for habeas corpus.

## BACKGROUND

For purposes of federal habeas review, "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e). Clemons does not challenge the statement of facts set forth in the order of the Illinois Appellate Court affirming his robbery conviction. People v. Clemons, No. 1-97-3577 (Ill. App. Ct. June 10, 1999). Accordingly, we will adopt such facts as our own.

Clemons' conviction arose from the robbery of Sondra Dillon ("Dillon"), an employee of Clothes Bin Laundromat ("the laundromat"). Dillon testified that she heard a knock at the laundromat door on February 12, 1996, at around 10:00 p.m., after the close of business. Dillon recognized Clemons and allowed him to enter the store after he told her he had a calculator he wanted to return to her employer. She testified that, upon entering the laundromat, Clemons

urinated on the floor, choked her when she turned her back on him, and then removed $140 from her pants pocket. Dillon also testified that Clemons attempted to pull down her pants, but he was unable to do so. After calling the authorities, she informed an investigating officer of where Clemons lived, and the next day officers arrested Clemons outside his residence.

At trial, Clemons testified that he went to the laundromat to use the pay phone. While there, he found a wallet on the floor and, as a joke, asked Dillon to identify the contents. He testified that she told him the wallet contained $140. He counted $325 and informed Dillon that he would take $25 as a reward for finding it. The two struggled over the wallet and, immediately thereafter, Clemons left the laundromat. He explained that he kept the money in the wallet because it contained no identification.

## PROCEDURAL HISTORY

Clemons, proceeding *pro se*, appealed his conviction to the Illinois Appellate Court, raising the following seven issues: 1) he was denied effective assistance of counsel when his lawyer failed to file a motion for a "change of venue" or a motion for a jury trial; 2) he was denied effective assistance of counsel when his lawyer failed to make proper objections to the State's Attorney's questions which suggested that he attempted to rape the victim when in fact no rape occurred or was charged; 3) he was denied effective assistance of counsel when his attorney failed to file proper "motions" when the State was allowed to amend its answer to discovery and call a witness who was not originally disclosed in the answer; 4) he was denied effective assistance of counsel when his attorney failed to impeach the State's witnesses; 5) he was not proven guilty beyond a reasonable doubt; 6) the verdict was based on inconsistent testimony; and 7) he was improperly sentenced as a Class X felon. On June 10, 1999, the Illinois Appellate

2

Court affirmed his conviction and sentence.

Clemons subsequently filed a petition for leave to appeal to the Illinois Supreme Court in which he raised the following four issues: 1) he was denied effective assistance of counsel when his lawyer failed to file a motion for a "substitution of judge" or a motion for a jury trial; 2) he was denied effective assistance of counsel when his lawyer failed to make proper objections to the State's questioning regarding the uncharged rape; 3) he was denied effective assistance of counsel when his lawyer failed to impeach the State's witnesses; and 4) he was not proven guilty beyond a reasonable doubt. On February 24, 2000, the Illinois Supreme Court denied leave to appeal. Clemons did not file a petition for post-conviction relief in the state court.

Clemons' petition for writ of habeas corpus was filed on April 11, 2000. This Court recognized in Clemons v. Barham, 2001 WL 1636427 (N.D. Ill. Dec. 18, 2001), that, although Clemons identified ten issues, only the following seven claims were properly raised: 1) he was denied effective assistance of counsel when his lawyer failed to move for a substitution of judge (petitioner's claim ia); 2) he was denied effective assistance of counsel when his lawyer failed to demand a trial by jury (claim ib); 3) he was denied effective assistance of counsel when his lawyer failed to object to prejudicial questions and comments that discredited the petitioner's character (combined claims ic, ie, and ih); 4) he was denied effective assistance of counsel when his lawyer failed to object and demand a mistrial when the State was allowed to amend discovery during the trial (combined claims id and ig); 5) he was denied effective assistance of counsel when his lawyer failed to impeach a witness when the testimony conflicted with previous statements (claim if); 6) he was not proven guilty beyond a reasonable doubt (claim ii); and 7) the verdict was based on impeached and inconsistent testimony (claim iii).

3

In that opinion, we found Claims Four, Five and Six procedurally defaulted and, therefore, we denied them. See id. at *6. However, we also held that Claims One, Two, Three, and Seven were not procedurally defaulted. See id. Accordingly, respondent was granted leave to file a brief addressing the merits of the non-defeated claims, which he has done. Clemons failed to file a reply.

## DISCUSSION

Federal courts may issue a writ of habeas corpus if a petitioner demonstrates that he is "in [state] custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2245(a); Moffat v. Gilmore, 113 F.3d 698, 702 (7th Cir. 1997); see also Del Vecchio v. Illinois Dept. of Corrections, 31 F.3d 1363, 1370 (7th Cir. 1994) (en banc) ("[F]ederal courts can grant habeas relief only when there is a violation of federal statutory or constitutional law"). The federal courts may not grant habeas relief under Section 2254 unless the state court's judgment (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding. See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 386, 120 S.Ct. 1495 (2000); Boss v. Pierce, 263 F.3d 734, 738 (7th Cir. 2001).

### I.  Procedural Default

As mentioned above, this Court has already determined that Claims One, Two, Three, and Seven of Clemons' petition are not procedurally defaulted. See Clemons, 2001 WL 1636427, at *6. We also held that Claims Four, Five, and Six were procedurally defaulted. See id. Nonetheless, a federal court may still address the merits of a procedurally defaulted claim if the

4

petitioner can establish cause and prejudice which would excuse the default or establish that he fits within the miscarriage of justice exception to the cause and prejudice rule. See Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546 (1991); Schlup v. Delo, 513 U.S. 298, 314-15, 115 S.Ct. 851 (1995). However, since Clemons failed to show cause or prejudice for his default, and he failed to provide any concrete evidence sufficient to demonstrate that he is actually innocent of the robbery, we found no reason to address the merits of Clemons' Fourth, Fifth, and Sixth claims. See Clemons, 2001 WL 1636427, at *6.

## II. Merits of the Claims Properly Presented

Based on our previous holding, Clemons has properly preserved the following four claims: 1) he was denied effective assistance of counsel when his lawyer failed to move for a substitution of judge; 2) he was denied effective assistance of counsel when his lawyer failed to demand a trial by jury; 3) he was denied effective assistance of counsel when his lawyer failed to object to prejudicial questions and comments that discredited the petitioner's character; and 4) the verdict was based on impeached and inconsistent testimony.

Clemons' first, second, and third claims fall under the general category of ineffective assistance of counsel. The standard for reviewing a claim of ineffective assistance of counsel is set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984). Strickland sets forth a two-prong analysis for determining ineffectiveness of counsel: 1) a showing that counsel's performance was deficient; and 2) a showing that the deficient performance prejudiced the defendant. Id. at 678. In order to prevail on his claim of ineffectiveness under the first prong of the Strickland test, Clemons must show that his counsel's performance fell below an objective standard of reasonableness. Id. In reviewing the challenged conduct, "a court must indulge a

strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. To satisfy the prejudice prong of the Strickland test, Clemons must show that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different. Id. This Court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Id. Rather, "[i]f it is easier to dispose of an effective assistance of counsel claim based on the ground of lack of sufficient prejudice, which ... will often be so, that course should be followed." Id.

In this case, Clemons has not met his burden of demonstrating that he was denied effective assistance of counsel. Claims One and Two of Clemons' petition assert that he was denied effective assistance of counsel when his lawyer failed either to move for a substitution of judge or to request a trial by jury. These claims stem from the State's Attorney's motion in limine prior to trial which informed the court that Clemons had prior convictions for robbery and forgery and requested that the State be permitted to use those convictions during cross-examination if Clemons testified. Clemons asserts that, since the judge was made aware of these prior convictions, his attorney should have requested a substitution of judge in order to obtain a new judge or a trial by jury so that the judge's awareness of the prior convictions would not improperly influence the ultimate verdict.

The Illinois Appellate Court's decision regarding these two claims reflects ample consideration and appropriate application of the Strickland standard. The Appellate Court explained that the trial judge "specifically stated she would disregard prior convictions during the evidence portion of the trial because it would be improper for her to do otherwise." Clemons,

slip op. at 8. The Appellate Court further stated that "[t]he presumption that a judge in a bench trial recognizes and disregards all incompetent evidence has been affirmatively established in the record based on the court's comments." Id. Finally, the Appellate Court properly noted that Clemons "failed to establish that the court did not disregard his prior convictions during the trial." Id. at 9. Therefore, the Appellate Court concluded that there was not unreasonable performance by trial counsel in failing to move for a substitution of judge or trial by jury simply because the judge was aware of Clemons' prior convictions.

Clemons third ineffective assistance claim is that he was denied effective counsel because his trial lawyer failed to object to prejudicial questions and comments concerning Dillon's assertion that Clemons tried to rape her. Again, the Illinois Appellate Court's decision regarding this claim reflects a proper application of the Strickland standard. The Appellate Court explained:

> Defendant has failed to demonstrate how this evidence prejudiced him since the investigating officer testified he did not view the offense as an attempted rape. Even if we were to find that the "rape evidence" was improperly admitted, we must presume the court disregarded that evidence and considered only competent evidence. There is nothing in the record to indicate otherwise. During the court's decision, she never referred to the "rape" evidence. ... We find the defendant was not prejudiced by defense counsel's failure to object.

Clemons, slip op. at 9-10. Therefore, the Appellate Court appropriately concluded that the outcome of the trial would not have been different had Clemons' trial counsel objected to the "rape" evidence.

Likewise, Clemons' attempt to make an ineffectiveness argument in this Court is unsuccessful. He fails to point to any United States Supreme Court precedent that supports his position, nor does he demonstrate that the Illinois Appellate Court failed to properly assess trial

counsel's conduct pursuant to Strickland. Neither counsel's failure to move for a change of venue or trial by jury nor counsel's failure to object to prejudicial questions and comments can be considered prejudicial to Clemons as he offers nothing to show that there is a reasonable likelihood that the outcome of the proceedings would have been different absent his trial attorney's alleged deficiencies. Therefore, Clemons' claims of ineffective assistance of trial counsel must fail.

Similarly, Clemons has not met his burden of establishing his claim that the verdict in his case was based on impeached and inconsistent testimony. The Appellate Court fully considered this issue when it observed that the trial judge stated that "the reason she was convicting defendant was because of the photographs of the victim's bruises and injuries which she found to be inconsistent with defendant's version of what happened." Clemons, slip op. at 10. The Appellate Court stated that it is for the trial judge to determine the credibility of witnesses, to weigh the evidence and draw inferences, and to resolve conflicts of evidence. Id. at 13. The Appellate Court concluded that "[b]ased upon the evidence, we are unable to say that the proof was so unsatisfactory, improbable or implausible as to justify a reasonable doubt as to defendant's guilt." Id. at 14. Therefore, the Appellate Court concluded that the verdict was not based on impeached or inconsistent evidence.

Likewise, Clemons' attempt to make an argument in this Court that the verdict was based on impeached or inconsistent testimony is unavailing. In testing for prejudice, the specific right being protected is the defendant's right to a verdict based solely on the evidence presented at trial. See Turner v. Louisiana, 379 U.S. 466, 472-73, 85 S.Ct. 546 (1965). The trial judge explained that her decision was based on the inconsistencies between Clemons' account of the incident and

Dillon's injuries. The verdict was not based on testimony which was inconsistent or impeached. It is clear from the Appellate Court's review that the trial judge's decision was based solely on the evidence properly presented at trial. Accordingly, Clemons' fourth claim must fail.

## CONCLUSION

For the foregoing reasons, we deny the petition for a writ of habeas corpus brought by Samuel Clemons pursuant to 28 U.S.C. § 2254. This is a final and appealable order. This case is terminated.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: January 17, 2003